JACKSON LEWIS LLP
59 Maiden Lane
New York, NY 10038
(212) 545-4000
Attorneys of Record:
    Clifford R. Atlas (CA9512)
    Nicole Q. Saldana (NS6524)

ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERA R. DIFILIPPI-ABOELELAA and IBRAHIM ABOELELAA<br><br>                      Plaintiffs,<br><br>         -against-<br><br>BROOKLYN PUBLIC LIBRARY SYSTEM, et al.<br><br>                      Defendants. | Case No. 08 CV 4323 (JSR)<br><br>**DEFENDANTS' ANSWER**<br>**AND AFFIRMATIVE**<br>**DEFENSES** |

Defendants, Brooklyn Public Library (incorrectly named herein as "Brooklyn Public Library System," and hereafter referred to as "Brooklyn Public Library" or "BPL"), Sarah Weiss, Fortune Cohen, Gerald Radioli, Victor Ferrer, Mary Maldonado, Edward Jelen, Linda Cohen Portera, William Sennick, Dionne Mack-Harvin and Mary Graham (collectively referred to herein as "Defendants"), by and through their undersigned attorneys, for their Answer to Plaintiffs' Complaint, responds and pleads affirmative defenses as follows.

**AS TO "INTRODUCTION"**

1. Defendants deny each and every allegation set forth in Paragraph "1" of Plaintiffs' Complaint, except avers that Plaintiff Vera Difilippi-Aboelelaa ("Plaintiff Difilippi"), a former employee of Defendant BPL, purports to bring this action to remedy violations under

the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, Title VII and various tort statutes and common laws of the State of New York.

2. Defendants deny each and every allegation set forth in Paragraph "2" of Plaintiffs' Complaint.

### AS TO "JURISDICTION AND VENUE"

3. Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiffs' Complaint, except avers that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1343(4) and 28 U.S.C.A. §§ 1367.

4. Defendants deny each and every allegation set forth in Paragraph "4" of Plaintiffs' Complaint.

### AS TO "PARTIES"

5. Defendants deny each and every allegation set forth in Paragraph "5" of Plaintiffs' Complaint, except avers that Defendant BPL's records indicate that Plaintiff Difilippi, who was hired by Defendant BPL on August 1, 1983, was a resident of Brooklyn, New York and held the position of Office Associate III from November 2006 through October 13, 2007.

6. The allegations set forth in Paragraph "6" of Plaintiffs' Complaint are legal conclusions to which no answer is required by Defendants. However, to the extent an answer may be required, Defendants aver that Plaintiff Difilippi was an employee of Defendant BPL.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "7" of Plaintiffs' Complaint, except Defendant BPL avers that its records include a marriage certificate for Vera R. Difilippi and Ibrahim Aboelelaa.

8. Defendants deny each and every allegation set forth in Paragraph "8" of Plaintiffs' Complaint, except aver that Defendant BPL is a legislatively incorporated not-for-profit institution, which operates the free library system in the Borough of Brooklyn under contract with the City of New York.

9. Defendants deny each and every allegation set forth in Paragraph "9" of Plaintiffs' Complaint, except admit that Defendant Weiss resides in Brooklyn and is employed by Defendant BPL.

10. Defendants admit the allegations set forth in Paragraph "10" of Plaintiffs' Complaint.

11. Defendants admit the allegations set forth in Paragraph "11" of Plaintiffs' Complaint.

12. Defendants admit the allegations set forth in Paragraph "12" of Plaintiffs' Complaint.

13. Defendants admit the allegations set forth in Paragraph "13" of Plaintiffs' Complaint.

14. Defendants admit the allegations set forth in Paragraph "14" of Plaintiffs' Complaint.

15. Defendants admit the allegations set forth in Paragraph "15" of Plaintiffs' Complaint.

16. Defendants admit the allegations set forth in Paragraph "16" of Plaintiffs' Complaint.

17. Defendants admit the allegations set forth in Paragraph "17" of Plaintiffs' Complaint.

18. Defendants admit the allegations set forth in Paragraph "18" of Plaintiffs' Complaint.

19. Defendants deny each and every allegation set forth in Paragraph "19" of Plaintiffs' Complaint.

20. The allegations set forth in Paragraph "20" of Plaintiffs' Complaint are legal conclusions to which no answer is required by Defendants. However, to the extent an answer may be required, Defendants admit that Defendant BPL was Plaintiff Difilippi's employer.

## AS TO "FACTS"

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of Plaintiffs' Complaint, except Defendant BPL avers that its business records indicate Plaintiffs' date of birth is August 26, 1948.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "22" of Plaintiffs' Complaint, except Defendant BPL avers Plaintiff Difilippi's employment with Defendant BPL began on August 1, 1983 and was conditioned on her receipt of a High School Equivalency Diploma.

23. Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiffs' Complaint, except Defendant BPL avers that Plaintiff Difilippi was transferred to the Borough Park branch effective July 1, 1991.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "24" of Plaintiffs' Complaint, except Defendant BPL avers Plaintiff Difilippi received satisfactory performance reviews prior to her transfer to the Borough Park branch in July 1991.

25. Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiffs' Complaint, except Defendant BPL avers Plaintiff Difilippi transferred back to the Mapleton branch effective September 1993.

26. Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiffs' Complaint, except Defendant BPL avers that upon Plaintiff Difilippi's promotion to Office Associate I she transferred to the DeKalb branch and was temporarily relocated to the Macon branch.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "27" of Plaintiffs' Complaint, except Defendant BPL avers that Plaintiff Difilippi's transferred to the Kings Highway branch upon her advancement to Office Associate II effective August 1999.

28. Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiffs' Complaint, except Defendant BPL avers that Plaintiff Difilippi trained clerks, managed a budget and was promoted to Office Associate III while working at the Kings Highway branch.

29. Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiffs' Complaint, except Defendant BPL avers that Plaintiff Difilippi transferred to the Borough Park branch after working at the Kings Highway branch.

30. Defendant deny each and every allegation set forth in Paragraph "30" of Plaintiffs' Complaint, except Defendants Weiss and BPL aver that Plaintiff Difilippi supervised probationary clerks and reported to Defendant Sarah Weiss upon her return to the Borough Park branch in 2004.

31. Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiffs' Complaint, except Defendant BPL, Defendant Cohen Portera, and Defendant Sennick aver that Plaintiff Difilippi was offered the position of Branch Operations Supervisor, a newly created supervisory job category, in 2005.

32. Defendants deny each and every allegation set forth in Paragraph "32" of Plaintiffs' Complaint, except Defendant BPL, Defendant Weiss, Defendant Cohen Portera, and Defendant Sennick aver that Plaintiff Difilippi was promoted to Branch Operations Supervisor for the Borough Park branch.

33. Defendants deny each and every allegation set forth in Paragraph "33" of Plaintiffs' Complaint.

34. Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiffs' Complaint, except Defendant Weiss avers that Plaintiff Difilippi told her she was married.

35. Defendants deny each and every allegation set forth in Paragraph "35" of Plaintiffs' Complaint.

36. Defendants deny each and every allegation set forth in Paragraph "36" of Plaintiffs' Complaint, expect Defendant BPL and Defendant Weiss aver that the Borough Park branch holds a Muslim collection.

37. Defendants deny each and every allegation set forth in Paragraph "37" of Plaintiffs' Complaint.

38. Defendants deny each and every allegation set forth in Paragraph "38" of Plaintiffs' Complaint.

39. Defendants deny each and every allegation set forth in Paragraph "39" of Plaintiffs' Complaint.

40. Defendants deny each and every allegation set forth in Paragraph "40" of Plaintiffs' Complaint.

41. Defendants deny each and every allegation set forth in Paragraph "41" of Plaintiffs' Complaint.

42. Defendants deny each and every allegation set forth in Paragraph "42" of Plaintiffs' Complaint.

43. Defendants deny each and every allegation set forth in Paragraph "43" of Plaintiffs' Complaint.

44. Defendants deny each and every allegation set forth in Paragraph "44" of Plaintiffs' Complaint.

45. Defendants deny each and every allegation set forth in Paragraph "45" of Plaintiffs' Complaint.

46. Defendants deny each and every allegation set forth in Paragraph "46" of Plaintiffs' Complaint, except Defendant BPL avers that Plaintiff Difilippi had no supervisory responsibility as an Office Associate III.

47. Defendants deny each and every allegation set forth in Paragraph "47" of Plaintiffs' Complaint.

48. Defendants deny each and every allegation set forth in Paragraph "48" of Plaintiffs' Complaint.

49. Defendants deny each and every allegation set forth in Paragraph "49" of Plaintiffs' Complaint.

50. Defendants deny each and every allegation set forth in Paragraph "50" of Plaintiffs' Complaint.

51. Defendants deny each and every allegation set forth in Paragraph "51" of Plaintiffs' Complaint.

52. Defendants deny each and every allegation set forth in Paragraph "52" of Plaintiffs' Complaint.

53. Defendants deny each and every allegation set forth in Paragraph "53" of Plaintiffs' Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' relationship with each other and their feelings.

54. Defendants deny each and every allegation set forth in Paragraph "54" of Plaintiffs' Complaint, except Defendant BPL avers Plaintiff Difilippi voluntarily retired from employment in October 2007 as a result of several discussions with her union representative and her attorney.

55. Defendants deny each and every allegation set forth in Paragraph "55" of Plaintiffs' Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' relationship with each other or their feelings.

56. Defendants deny each and every allegation set forth in Paragraph "56" of Plaintiffs' Complaint.

57. Defendants deny each and every allegation set forth in Paragraph "57" of Plaintiffs' Complaint.

### AS TO "PROCEDURAL REQUIREMENTS"

58. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "58" of Plaintiffs' Complaint,

except Defendant BPL avers that Plaintiff filed a charge with the Equal Employment Opportunity Commission which issued a Notice of Right to Sue dated February 8, 2008.

**AS TO "AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN AND GRAHAM ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "DISCRIMINATION AGAINST PLAINTIFF DIFILIPPI UNDER ADEA"**

59. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "58", inclusive, as though fully set forth herein in response to Paragraph "59" of Plaintiffs' Complaint.

60. Defendants deny each and every allegation set forth in Paragraph "60" of Plaintiffs' Complaint.

61. Defendants deny each and every allegation set forth in Paragraph "61" of Plaintiffs' Complaint.

62. Defendants deny each and every allegation set forth in Paragraph "62" of Plaintiffs' Complaint.

63. Defendants deny each and every allegation set forth in Paragraph "63" of Plaintiffs' Complaint.

64. Defendants deny each and every allegation set forth in Paragraph "64" of Plaintiffs' Complaint.

65. Defendants deny each and every allegation set forth in Paragraph "65" of Plaintiffs' Complaint.

66. Defendants deny each and every allegation set forth in Paragraph "66" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN AND GRAHAM ALONG WITH JOHN DOES NUMBERED 1-25"**

## AS TO "DISCRIMINATION AGAINST PLAINTIFF DIFILIPPI UNDER ADA"

67. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "66", inclusive, as though fully set forth herein in response to Paragraph "67" of Plaintiffs' Complaint.

68. Defendants deny each and every allegation set forth in Paragraph "68" of Plaintiffs' Complaint.

69. Defendants deny each and every allegation set forth in Paragraph "69" of Plaintiffs' Complaint.

70. Defendants deny each and every allegation set forth in Paragraph "70" of Plaintiffs' Complaint.

71. Defendants deny each and every allegation set forth in Paragraph "71" of Plaintiffs' Complaint.

72. Defendants deny each and every allegation set forth in Paragraph "72" of Plaintiffs' Complaint.

73. Defendants deny each and every allegation set forth in Paragraph "73" of Plaintiffs' Complaint.

74. Defendants deny each and every allegation set forth in Paragraph "74" of Plaintiffs' Complaint.

75. Defendants deny each and every allegation set forth in Paragraph "75" of Plaintiffs' Complaint.

76. Defendants deny each and every allegation set forth in Paragraph "76" of Plaintiffs' Complaint.

77. Defendants deny each and every allegation set forth in Paragraph "77" of Plaintiffs' Complaint.

78.     Defendants deny each and every allegation set forth in Paragraph "78" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BPLS AND WEISS ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "DISCRIMINATION ON BASIS OF RELIGION AGAINST PLAINTIFF DIFILIPPI UNDER TITLE VII"**

79.     Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "78", inclusive, as though fully set forth herein in response to Paragraph "79" of Plaintiffs' Complaint.

80.     Defendants deny each and every allegation set forth in Paragraph "80" of Plaintiffs' Complaint.

81.     Defendants deny each and every allegation set forth in Paragraph "81" of Plaintiffs' Complaint.

82.     Defendants deny each and every allegation set forth in Paragraph "82" of Plaintiffs' Complaint.

83.     Defendants deny each and every allegation set forth in Paragraph "83" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, COHEN, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN AND GRAHAM ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "ASSAULT AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"**

84.     Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "83", inclusive, as though fully set forth herein in response to Paragraph "84" of Plaintiffs' Complaint.

85. Defendants deny each and every allegation set forth in Paragraph "85" of Plaintiffs' Complaint.

86. Defendants deny each and every allegation set forth in Paragraph "86" of Plaintiffs' Complaint.

87. Defendants deny each and every allegation set forth in Paragraph "87" of Plaintiffs' Complaint.

88. Defendants deny each and every allegation set forth in Paragraph "88" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, COHEN, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN AND GRAHAM ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "BATTERY AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"**

89. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "88", inclusive, as though fully set forth herein in response to Paragraph "89" of Plaintiffs' Complaint.

90. Defendants deny each and every allegation set forth in Paragraph "90" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "DEFAMATION AND DEFAMATION PER SE AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"**

91. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "90", inclusive, as though fully set forth herein in response to Paragraph "91" of Plaintiffs' Complaint.

92. Defendants deny each and every allegation set forth in Paragraph "92" of Plaintiffs' Complaint.

93. Defendants deny each and every allegation set forth in Paragraph "93" of Plaintiffs' Complaint.

94. Defendants deny each and every allegation set forth in Paragraph "94" of Plaintiffs' Complaint.

95. Defendants deny each and every allegation set forth in Paragraph "95" of Plaintiffs' Complaint.

96. Defendants deny each and every allegation set forth in Paragraph "96" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A SEVENTH CAUSE OF ACTINO AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"**

97. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "96", inclusive, as though fully set forth herein in response to Paragraph "97" of Plaintiffs' Complaint.

98. Defendants deny each and every allegation set forth in Paragraph "98" of Plaintiffs' Complaint.

99. Defendants deny each and every allegation set forth in Paragraph "99" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A EIGHTH CAUSE OF ACTINO AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "PRIMA FACIE TORT AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"**

100. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "99", inclusive, as though fully set forth herein in response to Paragraph "100" of Plaintiffs' Complaint.

101. Defendants deny each and every allegation set forth in Paragraph "101" of Plaintiffs' Complaint.

102. Defendants deny each and every allegation set forth in Paragraph "102" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "FAILURE TO MAKE REASONABLE ACCOMMODATION FOR PLAINTIFF UNDER NEW YORK CITY HUMAN RIGHTS LAW"**

103. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "102", inclusive, as though fully set forth herein in response to Paragraph "103" of Plaintiffs' Complaint.

104. Defendants deny each and every allegation set forth in Paragraph "104" of Plaintiffs' Complaint.

105. Defendants deny each and every allegation set forth in Paragraph "105" of Plaintiffs' Complaint.

106. Defendants deny each and every allegation set forth in Paragraph "106" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

**AS TO "PRIMA FACIE TORT AGAINST PLAINTIFF ABOELELAA UNDER NEW YORK STATE COMMON LAW"**

107. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "106", inclusive, as though fully set forth herein in response to Paragraph "107" of Plaintiffs' Complaint.

108. Defendants deny each and every allegation set forth in Paragraph "108" of Plaintiffs' Complaint.

109. Defendants deny each and every allegation set forth in Paragraph "109" of Plaintiffs' Complaint.

110. Defendants deny each and every allegation set forth in Paragraph "110" of Plaintiffs' Complaint.

111. Defendants deny each and every allegation set forth in Paragraph "111" of Plaintiffs' Complaint.

112. Defendants deny each and every allegation set forth in Paragraph "112" of Plaintiffs' Complaint.

113. Defendants deny each and every allegation set forth in Paragraph "113" of Plaintiffs' Complaint.

114. Defendants deny each and every allegation set forth in Paragraph "114" of Plaintiffs' Complaint.

115. Defendants deny each and every allegation set forth in Paragraph "115" of Plaintiffs' Complaint.

**AS TO "AS AND FOR A [SIC] ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"**

### AS TO "INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"

116. Defendants repeat and reallege their answers and denials to each and every allegation set forth in Paragraphs "1" through "115", inclusive, as though fully set forth herein in response to Paragraph "116" of Plaintiffs' Complaint.

117. Defendants deny each and every allegation set forth in Paragraph "117" of Plaintiffs' Complaint.

### AS TO "AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANTS BPLS, WEISS, COHEN, RADIOLI, FERRER, MALDONADO, JELEN, PORTERA, SENNICK, MACK-HARVIN, AND GRAHAM, ALONG WITH JOHN DOES NUMBERED 1-25"

### AS TO "NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS AGAINST PLAINTIFF DIFILIPPI UNDER NEW YORK STATE COMMON LAW"

118. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "117", inclusive, as though fully set forth herein in response to Paragraph "118" of Plaintiffs' Complaint.

119. Defendants deny each and every allegation set forth in Paragraph "119" of Plaintiffs' Complaint.

### AS AND FOR DEFENDANTS' AFFIRMATIVE DEFENSES

120. As further Answer to Plaintiffs' Complaint, Defendants assert the following affirmative defenses, each of which is a bar to Plaintiffs' claims. Defendants reserve the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

121. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

16

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

122. Each and every action taken by Defendants was taken for a legitimate, non-discriminatory, non-retaliatory business reason and would have been taken regardless of Plaintiff Difilippi's age, alleged religion, alleged disability or any protected activity in which Plaintiff Difilippi allegedly engaged.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

123. At all times relevant hereto, Defendants acted reasonably and in good faith toward Plaintiff Difilippi and did not violate any rights which may be secured to Plaintiff Difilippi under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

124. Plaintiff Difilippi's claims for damages are barred or should be reduced in that she has failed to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

125. Plaintiff Difilippi's claims under the New York City Administrative Code should be dismissed to the extent that she failed to fulfill the jurisdictional prerequisites to suit thereunder.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

126. Defendants are not liable for punitive damages because Defendants made good faith efforts to comply with the New York City Administrative Code and all other applicable laws.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

127. Plaintiff Difilippi's claims are barred, in whole or in part, by the exclusive remedy provision of the New York Worker's Compensation Law.

**AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

128. Plaintiff Difilippi's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

**AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

129. Plaintiff Difilippi's claims are barred, in whole or in part, because she unreasonably failed to take advantage of Defendant BPL's preventive or corrective opportunities or to avoid harm otherwise.

**AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

130. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

131. Plaintiff Difilippi's defamation claims are barred, in whole or in part, by the doctrine of qualified privilege.

**AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

132. Plaintiff Difilippi's defamation claims are barred, in whole or in part, by her failure to plead her claim with the particularity required by Rule 3016(a) of the New York Civil Practice Law and Rules.

**AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE**

133. Plaintiff Difilippi's defamation claims are barred, in whole or in part, on the grounds that any statements made concerning Plaintiff Difilippi by Defendants were truthful.

WHEREFORE, Defendants pray that the Court:

(a)     Dismiss the Complaint in its entirety with prejudice;

(b)  Deny each and every demand and prayer for relief contained therein;

(c)  Award Defendants their reasonable costs and fees incurred in defending this meritless and vexatious action; and

(d)  Grant such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: August 28, 2008    By: _____
New York, New York         Clifford R. Atlas, Esq. (CA 9512)
                           Nicole Q. Saldana, Esq. (NS 6524)

ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERA R. DIFILIPPI-ABOELELAA and IBRAHIM ABOELELAA<br><br>Plaintiffs,<br><br>-against-<br><br>BROOKLYN PUBLIC LIBRARY SYSTEM, et al.<br><br>Defendants. | Case No. 08 CV 4323 (JSR) |

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2008, I electronically filed: Defendants' Answer and Affirmative Defenses with the Clerk of the Court using the ECF system.

_____
Clifford R. Atlas